UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

WENDY BICE,

    Plaintiff,                                            CASE NO.:

vs.

CHRISTOPHER'S KITCHEN, LLC,
a Florida Limited Liability Company,
d/b/a CHRISTOPHER'S KITCHEN,
    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, WENDY BICE (hereinafter "BICE"), by and through the undersigned Counsel, and sues the Defendant, CHRISTOPHER'S KITCHEN, LLC, a Florida Limited Liability Company, d/b/a CHRISTOPHER'S KITCHEN (hereinafter "Defendant"), and alleges the following:

## JURISDICTION AND VENUE

1. This is a civil action alleging violations of the Fair Labor Standards Act, with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et.seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's related claim arising under the Florida Constitution, Article X Section 24, pursuant to 28 U.S.C. § 1367.

1

4. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

5. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

6. At all times material hereto, Defendant was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 4783 PGA Boulevard, Palm Beach Gardens, Florida 33418, wherein it operated and continues to operate a plant-based restaurant and juice market serving patrons throughout Palm Beach County, with annual gross sales and/or business volume of $500,000.00 or more.

7. In the advancement of its business, Defendant employed at least two (2) employees within the meaning of the FLSA.

8. In the advancement of its business, Defendant engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

9. At all times material hereto, BICE was a resident of Palm Beach County, Florida, and was an "employee" of Defendant as defined by the FLSA.

10. Defendant controlled BICE's duties, hours worked, and compensation. Accordingly, Defendant was BICE's "employer" as defined by the FLSA.

## FACTUAL ALLEGATIONS

11. On or about September 2014, BICE was hired to work at Defendant's retail to-go market as a non-exempt employee under the FLSA.

12. Within six (6) months, BICE was promoted to server at Defendant's sit-down restaurant. She waited tables five (5) days per week, earning the tipped employee minimum wage plus her portion of pooled tips from the patrons/tables during her shift.

13. After approximately one (1) year of working for Defendant, BICE was asked to help the General Manager by taking on management shifts on days when the General Manager needed help or could not work. BICE began working the restaurant management shift one (1) day per week, and she was paid $18.00 per hour during her management shifts.

14. Upon information and belief, there were two (2) other employees who were also asked to manage the restaurant on days when the General Manager needed help or could not work, namely Jen Going ("Going") and Gina Rinikera ("Rinikera").

15. Upon information and belief, there totaled approximately seven (7) to ten (10) shifts which were covered by a manager other than the General Manager. BICE worked as a manager for one (1) to two (2) of these shifts during the time period during which she covered management shifts.

16. On days when BICE worked as a server, she did not have any managerial duties or functions at Defendant restaurant. Accordingly, BICE continued to be paid as a serving during these shifts, namely receiving the tipped employee's minimum wage plus the pooled tips.

17. After a few months of working management shifts once a week, one of the owners of Defendant restaurant, Mr. Christopher Slawson, held private employee reviews for BICE, Going and Rinikera. In a private meeting with BICE, Mr. Slawson commented that he was very happy with BICE's job performance and that he was going to give BICE, Going, and Rinikera a pay rate increase.

18. Mr. Slawson explained to BICE that the pay rate increase for managers was going to come from server tips. The servers would contribute ten percent (10%) of their tips each day to supplement manager pay.

19. BICE told Mr. Slawson that the servers would not agree to supplementing manager pay with their hard-earned tips, but Mr. Slawson stated that it was not the servers' business and that he did not care what the servers thought.

20. Mr. Slawson indicated to BICE that supplementing of manager pay with server tips was a secret and insinuated that BICE could lose her job if any of the servers found out of the new pay arrangement.

21. Following her private meeting with Mr. Slawson, BICE started noticing that managers were added as five percent (5%) to the restaurant's tip pooling sheet, as opposed to ten percent (10%) as had been indicated.

22. Scared to lose her job, BICE kept quiet about the new pay arrangement.

23. Notwithstanding, after a confrontation in which one server learned of the tips being shared by the managers and confronted BICE and other management, BICE determined that she would no longer be willing to work as a manager under such an arrangement.

24. Accordingly, after approximately one (1) year, BICE discontinued her management shifts and only remained as a server. Resultingly, BICE's management shifts were divided among Going and Rinikera.

25. Going and Rinikera continued to receive 5% of pooled server tips during management shifts that they worked.

26. Ultimately, first Rinikera and then Going discontinued management shifts, as well, and were replaced by Paige Vuoto ("Vuoto") and Erica Johnson ("Johnson").

4

27. Upon information and belief, when Vuoto and Johnson were hired, instead of continuing to supplement manager pay through a percentage of server tips, a flat amount of $7.00 per hour was taken from server tips and added to the manager rate that Vuoto and Johnson received.

28. This practice continued until both Vuoto's and Johnson's employment was terminated with Defendant.

29. At all times relevant, BICE excelled at her job, always placing as one of the top three salespeople and always making 20% tips or more each day she worked as a server.

30. On July 6, 2019, after almost five (5) years of working for Defendant, BICE was terminated from her job.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff BICE realleges and incorporates the allegations in Paragraphs 1 through 30 above as if fully set forth herein.

32. Under the FLSA, "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  29 U.S.C. § 203(m)(2)(B).

33. On the days that BICE worked as a server for Defendant, Defendant paid her below the statutorily required minimum wage because Defendant claimed a "tip credit."

34. In order for Defendant to claim a "tip credit," all tips received must be absolutely retained by the group of tipped employees.  *See* 29 U.S.C. § 203(m)(2)(B).

35. Defendant required BICE and other tipped servers to share their tips with non-tipped employees, creating an illegal tip-sharing scheme.

36. As such, Defendant's failure to permit BICE and other tipped servers to retain all tips received results in Defendant's inability to claim a "tip credit."

37. Because Defendant is unable to claim a "tip credit," Defendant was required to compensate BICE, and others similarly situated, with at least minimum wage.

38. BICE, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

39. Defendant willfully, intentionally, and unlawfully refused to properly compensate BICE, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned "tip credit" was claimed despite the fact that BICE, and others similarly situated, were required to tip out non-tipped employees of Defendant.

40. Defendant willfully, intentionally, and unlawfully paid BICE, and others similarly situated, less than the required minimum wage.

41. By reason of the willful, intentional, and unlawful acts of Defendant, in violation of the FLSA, BICE, and others similarly situated, have suffered lost wages, plus an equal amount as liquidated damages.

42. All records concerning the number of hours actually worked by BICE, and others similarly situated, are in the possession, custody, and control of Defendant.

43. BICE is unable to state at this time the exact amount due to her, but she will diligently attempt to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, BICE will submit an amendment to this Complaint to set forth the amount due to her from Defendant.

44. BICE seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, WENDY BICE, on behalf of herself and others similarly situated, demands judgment against Defendant, CHRISTOPHER'S KITCHEN, LLC, a Florida

Limited Liability Company, d/b/a CHRISTOPHER'S KITCHEN, for all damages and relief under the FLSA, including liquidated damages, attorney's fees, costs, and such other remedy this Court deems just and proper.

## COUNT II – VIOLATIONS OF ARTICLE 10, §24 OF FLORIDA'S CONSTITUTION

45. Plaintiff BICE realleges and incorporates the allegations in Paragraphs 1 through 30 above as if fully set forth herein.

46. Under the Florida Constitution, "employers shall pay employees wages no less than the minimum wage for all hours worked in Florida. . . . For tipped employees meeting eligibility requirements for the tip credit under the FLSA, employers may credit towards satisfaction of the minimum wage tips up to the amount of the allowable FLSA tip credit in 2003."  Art. X § 24, Fla. Const.

47. On the days that BICE worked as a server for Defendant, Defendant paid her below the statutorily required minimum wage because Defendant claimed a "tip credit."

48. In order for Defendant to claim a "tip credit," all tips received must be absolutely retained by the group of tipped employees.

49. Defendant required BICE and other tipped servers to share their tips with non-tipped employees, creating an illegal tip-sharing scheme.

50. As such, Defendant's failure to permit BICE and other tipped servers to retain all tips received results in Defendant's inability to claim a "tip credit."

51. Because Defendant is unable to claim a "tip credit," Defendant was required to compensate BICE, and others similarly situated, with at least minimum wage.

52. BICE, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to Article X Section 24 of the Florida Constitution.

53. Defendant willfully, intentionally, and unlawfully refused to properly compensate BICE, and others similarly situated, for minimum wage in violation of Article X Section 24 of the Florida Constitution, as the aforementioned "tip credit" was claimed despite the fact that BICE, and others similarly situated, were required to tip out non-tipped employees of Defendant.

54. Defendant willfully, intentionally, and unlawfully paid BICE, and others similarly situated, less than the required minimum wage.

55. By reason of the willful, intentional, and unlawful acts of Defendant, in violation of the Florida Constitution, BICE, and others similarly situated, have suffered lost wages, plus an equal amount as liquidated damages.

56. All records concerning the number of hours actually worked by BICE are in the possession, custody, and control of Defendant.

57. BICE is unable to state at this time the exact amount due to her, but she will diligently attempt to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, BICE will submit an amendment to this Complaint to set forth the amount due to her from Defendant.

58. BICE, and others similarly situated, seek recovery of damages as referenced above and further seeks interest, costs, and attorney's fees.

WHEREFORE, Plaintiff, WENDY BICE, on behalf of herself and all others similarly situated, demands judgment against Defendant, CHRISTOPHER'S KITCHEN, LLC, a Florida Limited Liability Company, d/b/a CHRISTOPHER'S KITCHEN, for all damages and relief under the Florida Constitution, including liquidated damages, attorney's fees, costs, and such other remedy this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, WENDY BICE, demands a trial by jury on all issues so triable.

Dated December 10, 2019.

>Respectfully submitted,
>
>**The Law Office of Gregory S. Sconzo, P.A.**
>5080 PGA Boulevard, Suite 213
>Palm Beach Gardens, FL 33408
>Telephone: (561) 729-0940
>Facsimile: (561) 491-9459
>
>By: **/s/ Gregory S. Sconzo**
>GREGORY S. SCONZO, ESQUIRE
>Florida Bar No.: 0105553
>ANDREA C. SCONZO. ESQUIRE
>Florida Bar No.: 0105578
>**Primary Email:** greg@sconzolawoffice.com
>**Email**: andrea@sconzolawoffice.com